UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNE KOONS,<br><br>               Plaintiff,<br><br>   v.<br><br>JETSMARTER, INC., JOSHUA RAIA, and JOHN DOES 1-5,<br><br>               Defendants. | **Civil Action No. 18-cv-16723-MAS-DEA**<br><br>**Return Date: February 4, 2019** |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND COMPEL ARBITRATION

**GORDON REES SCULLY MANSUKHANI LLP**
Ronald A. Giller
Daniel J. DiMuro
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Tel: (973) 549-2532
Fax: (973) 377-1911
E-mail: rgiller@grsm.com
E-mail: ddimuro@grsm.com
*Attorneys for Defendants*
*JetSmarter, Inc. and Joshua Raia*

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................................1

LEGAL ARGUMENT ...........................................................................................................2

    I.     Standard of Review.........................................................................................2

    II.    Florida Law Applies ......................................................................................3

    III.   The Membership Agreements are Valid and Enforceable ..................................5

          A.     The Membership Agreements are not Illusory ............................................5

          B.     Plaintiff Assented to the Terms of the Membership Agreements ..............................7

          C.     Arbitrability Must Be Decided by the Arbitrator ........................................8

    IV.   In the Alternative, a Stay is Appropriate ...........................................................11

CONCLUSION......................................................................................................................12

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                                   **PAGE**

*Atalese v. U.S. Legal Servs. Group L.P.*,
    219 N.J. 430 (2014) ................................................................................................... 5, 7

*Bassett v. Elec. Arts, Inc.*,
    93 F. Supp. 3d 95 (E.D.N.Y. 2015) ...................................................................................... 6

*Beture v. Samsung Elecs., Am., Inc.*,
    2018 U.S. Dist. LEXIS 121801 (D.N.J. July 18, 2018)......................................................... 9

*Buckeye Check Cashing, Inc. v . Cardegna*,
    546 U.S. 440 (2006)............................................................................................................... 6

*Caruso v. J&M Windows, Inc.*,
    2018 U.S. Dist. LEXIS 163286 (E.D. Pa. Sept. 24, 2018) .................................................... 9

*Contorno v. Wiline Networks, Inc.*,
    2008 U.S. Dist. LEXIS 36050 (D.N.J. May 1, 2008) ........................................................... 2

*Davis v. Dell*,
    2007 U.S. Dist. LEXIS 94767 (D.N.J. Dec. 28, 2007).................................................... 2, 7

*Emcon Assocs. v. Zale Corp.*,
    2016 U.S. Dist. LEXIS 172721 (D.N.J. Dec. 14, 2016).................................................... 3-4

*Gainesville Health Care Ctr., Inc. v. Weston*,
    857 So. 2d 278 (1st Dist. 2003) ............................................................................................ 4

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
    202 L.Ed.2d 480 (U.S. 2019).......................................................................................... 1, 11

*Henry v. Pizza Hut of Am., Inc.*,
    2007 U.S. Dist. LEXIS 72193 (M.D. Fla. Sept. 27, 2007) ................................................... 4

*Hoover v. Sears Holding Corp.*,
    2017 U.S. Dist. LEXIS 144792 (D.N.J. Sept. 7, 2017) .................................................... 1, 6

*Kaplan v. Kimball Hill Homes Fla., Inc.*,
    915 So. 2d 755 (2nd Dist. 2005).......................................................................................... 4

*Kernahan v. Home Warranty Adm'r of Fla., Inc.*,
    2019 N.J. LEXIS 3 (Jan. 10, 2019)...................................................................................... 8

## TABLE OF AUTHORITIES (Continued)

*Malkin v. Funding Trust II*,
    2016 U.S. Dist. LEXIS 191154 (S.D. Fla. Feb. 1, 2016) .................................................. 10

*Martindale v. Sandvik, Inc.*,
    173 N.J. 76 (2002) ............................................................................................................ 3

*Morgan v. Parra*,
    2013 N.J. Super. Unpub. LEXIS 805 (App. Div. Apr. 15, 2013) ................................ 10-11

*Morgan v. Sanford Brown Inst.*,
    225 N.J. 289 (2016) ........................................................................................................ 10

*N. Bergen Rex Transp. v. Trailer Leasing Co.*,
    158 N.J. 561 (1999) .......................................................................................................... 3

*Packer v. Power Balance, LLC*,
    2011 U.S. Dist. LEXIS 29767 (D.N.J. Mar. 22, 2011) ....................................................... 12

*Polaris Capital, LLC v. Gaspersz*,
    2012 U.S. Dist. LEXIS 151531 (D.N.J. Oct. 1, 2012) ....................................................... 10

*Rent-A-Ctr., W., Inc. v. Jackson*,
    561 U.S. 63 (2010) ........................................................................................................ 8-9

*Rey v. Bonati*,
    2008 U.S. Dist. LEXIS 125842 (M.D. Fla. July 30, 2008) ................................................ 3

*Sicily by Car S.p.A. v. Hertz Global Holdings, Inc.*,
    2015 U.S. Dist. LEXIS 65751 (D.N.J. May 20, 2015) ....................................................... 2

*U.S. Nutraceuticals, LLC v. Cyanotech Corp.*,
    769 F.3d 1308 (11th Cir. 2014) ...................................................................................... 10

**RULES**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 2

**PRELIMINARY STATEMENT**

Plaintiff fails to overcome the vast weight of authority enforcing arbitration provisions in electronic clickwrap agreements as she simply avoids attempting to even distinguish this substantial body of authority contained in the moving papers. While Plaintiff seeks to invalidate the arbitration provision at issue and claims that the motion should be decided under a summary judgment standard, she does not provide **any** evidence in opposition. Her calculated decision not to submit an affidavit in response (or any other evidence) is quite telling.

The moving declaration submitted by JetSmarter's CTO – Mikhail Kirsanov – based upon his personal knowledge and experience clearly explains the process in which members and potential members (including Plaintiff) enter into the clickwrap agreements and affirmatively agree to the terms of the membership agreement in place. Again, Plaintiff has not provided any evidence rebutting the statements made by Kirsanov.

Instead, Plaintiff has crafted several arguments in an effort to avoid arbitration; however, all of these arguments are woefully inadequate and fall flat. First, Plaintiff is simply wrong with respect to the issue of arbitrability. As set forth by the Supreme Court of the United States as recently as January 2019, when there is a delegation provision, arbitrability must be decided by the arbitrator. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 202 L.Ed.2d 480 (U.S. 2019).

Second, the arbitration provision is not illusory. Plaintiff confuses the issue and attempts to invalidate the arbitration provision by claiming that the entire agreement is illusory; however, challenges to the contract as a whole must be decided by the arbitrator. *See Hoover v. Sears Holding Corp.*, Civ. No. 16-4520, 2017 U.S. Dist. LEXIS 144792, at *5-6 (D.N.J. Sept. 7, 2017).

Third, the arbitration provision cannot be void for lack of assent as it is well-settled that online clickwrap agreements are enforceable and the electronic "click" can suffice to signify

1

acceptance. *See, e.g.*, *Davis v. Dell*, Civ. No. 07-630 (RBK) (AMD), 2007 U.S. Dist. LEXIS 94767, at *14 (D.N.J. Dec. 28, 2007). In short, these arguments provide little credence to Plaintiff's position that arbitration should not be compelled.

In the alternative, even if Court were to decide to not compel arbitration, it is submitted that this action should be stayed pending resolution of the class arbitration. In response, Plaintiff merely claims that such a stay is not appropriate because she has no knowledge of the arbitration and she has unique fraud claims; however, she fails to recognize the significant resources that would be conserved if she ultimately decides to accept the class relief.

As discussed herein and more fully set forth in the moving papers, it is respectfully submitted that the Court should grant this motion and award the relief requested by JetSmarter.

## **LEGAL ARGUMENT**

### **I.      Standard of Review**

This motion should be decided under a Rule 12(b)(6) standard given the undisputed fact that Plaintiff entered into an enforceable clickwrap agreement containing an equally enforceable arbitration provision. *See Contorno v. Wiline Networks, Inc.*, 2008 U.S. Dist. LEXIS 36050, at *5-6 (D.N.J. May 1, 2008) (granting defendant's motion to compel arbitration and ultimately concluding that the arbitration agreement was valid and enforceable under a 12(b)(6) standard); *see also Sicily by Car S.p.A. v. Hertz Global Holdings, Inc.*, 2015 U.S. Dist. LEXIS 65751, at *7-8 (D.N.J. May 20, 2015) (applying Rule 12(b)(6) standard and granting defendant's motion to compel arbitration). However, even if the Court is inclined to review this motion under a Rule 56 summary judgment standard, there is no dispute of material fact warranting denial of this motion. Plaintiff, admittedly, has not provided one shred of evidence in opposition aside from a

legal brief full of unsupported factual assertions.[1]  This, of course, does not rise to the level of a genuine dispute of material fact.  Put simply, an enforceable agreement to arbitrate exists and, as a result, this motion should be granted and arbitration compelled.

## II.     Florida Law Applies

Plaintiff's assertion that New Jersey law applies to the enforceability of the arbitration provision is simply wrong.  It is well-settled that when there exists a choice-of-law provision in a contract, that state's law should apply.  *See Emcon Assocs. v. Zale Corp.*, No. 16-1985 (FLW), 2016 U.S. Dist. LEXIS 172721, at *8 (D.N.J. Dec. 14, 2016) (quoting *N. Bergen Rex Transp. v. Trailer Leasing Co.*, 158 N.J. 561, 568 (1999)) ("Ordinarily, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice if it does not violate New Jersey's public policy.").  Of course, since New Jersey and Florida both favor arbitration, enforcement of the Florida choice-of-law provision cannot possibly offend New Jersey's public policy.  *Rey v. Bonati*, 2008 U.S. Dist. LEXIS 125842, at *3 (M.D. Fla. July 30, 2008); *Martindale v. Sandvik, Inc.*, 173 N.J. 76 (2002).

Similar to this case, in *Emcon Assocs.*, the plaintiff attempted to argue that New Jersey law should apply because there were claims asserted under the New Jersey Consumer Fraud Act; however, those arguments were rejected as the court explained that in making the determination as to the enforceability of the arbitration provision, it is not relevant as to which state's law applies to the fraud claims.  *See* 2016 U.S. Dist. LEXIS 172721, at *9 ("a court's application of

---

[1] For example, in connection with her conflict-of-law analysis, she claims that "all relevant conduct occurred in New Jersey" without any supporting affidavit.  Of course, this does not lend any credence to her analysis and due to the lack of foundational basis, should simply not be considered.

one state's law to one issue in a case does not preclude the court from deciding that another state's law governs another issue in the same case[.]") (internal citation omitted).

Put simply, Florida has a substantial relationship to the parties and transaction as all communications from JetSmarter were sent from its representatives located in Florida and JetSmarter is headquartered in Florida. Application of Florida law would be the expectation of the parties as that is what the contract requires. Additionally, application of Florida law to the enforcement of the arbitration provision would not be contrary to any fundamental policy of the State of New Jersey. Further, New Jersey has no greater interest in the determination as to the enforcement of the arbitration provision. Again, both states are in favor of the enforcement of arbitration provisions. *See id.* at *10 (explaining the *Restatement* factors to consider in deciding whether to uphold a contract's choice of law provision).

Under Florida law, the plain language of the arbitration provision at issue is enforceable and arbitration should be compelled. *See Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278 (1st Dist. 2003). In *Gainesville Health Care Ctr.*, the court granted the defendant's motion to compel and enforced an arbitration provision that was silent as to plaintiff's waiver of rights concerning the ability to bring any action in court or waiving the right to a jury trial. *See id.* at 280-81; *see also Kaplan v. Kimball Hill Homes Fla., Inc.*, 915 So. 2d 755, 761 (2nd Dist. 2005) (granting motion to compel arbitration in connection with plaintiff's fraud claims and holding that "an agreement to arbitrate is necessarily understood to involve the relinquishment of the rights of access to courts and trial by jury" and although a specific waiver of those rights was present in *Kaplan*, "such a waiver is not necessary"); *Henry v. Pizza Hut of Am., Inc.*, 2007 U.S. Dist. LEXIS 72193, at *16 (M.D. Fla. Sept. 27, 2007) (stating the "loss of the right to jury trial is a fairly obvious consequence of an agreement to arbitrate") (quotations and citations omitted).

As a result, such a waiver-of-rights provision is not necessary for the enforcement of an arbitration provision under Florida law.  As set forth below, although the subject arbitration provision included in JetSmarter's agreement contained sufficient language concerning the waiver-of-rights in order to satisfy *Atalese v. U.S. Legal Servs. Group L.P.*, 219 N.J. 430 (2014), even if it had not, it would still be enforceable under Florida law.

Given that Plaintiff has advanced the argument that New Jersey law should apply to the interpretation of the arbitration provision, as discussed below, JetSmarter will explain that the subject provision is still enforceable even under New Jersey law.

**III.     The Membership Agreements are Valid and Enforceable**

On two separate occasions, Plaintiff actively assented to the terms of JetSmarter's Membership Agreements, including provisions requiring arbitration of this dispute.  Plaintiff has filed suit due to the alleged reduction in benefits provided in connection with her upgraded membership in 2018.  At the time she upgraded her membership, the Membership Agreement contained the following arbitration provision: "[a]ny claim or dispute between the parties and/or against any. . . employee . . . whether related to this Agreement, any of the Terms and Conditions, or the relationship or duties contemplated herein, including the validity of this clause, shall be resolved exclusively by binding arbitration[.]"  *See* Moving Declaration of Mikhail Kirsanov, Ex. 4 at § 18.  Pursuant to the Federal Arbitration Act and binding Supreme Court precedent, this clear and unambiguous arbitration provision contained in the clickwrap agreement should be enforced.  As discussed below, Plaintiff's anemic challenges to this enforceable arbitration provision are insufficient to prevent this Court from compelling arbitration of this dispute.

      a.     <u>The Membership Agreements are not Illusory</u>

Plaintiff claims that the membership agreement (which obviously includes the arbitration provision) is unenforceable because it is illusory. In this regard, she contends that because the membership agreement provides JetSmarter with the unfettered ability to modify any of its terms including the terms of the arbitration provision, "the Membership Agreement, including the arbitration provision, is an illusory contract and is unenforceable, as a matter of law." *See* Brief in Opp. at 16. This argument is simply wrong.

The District Court's decision in *Hoover* is particularly instructive. 2017 U.S. Dist. LEXIS 144792, at *5-6. In that action, the plaintiff filed a motion for reconsideration regarding the court's prior enforcement of the arbitration provision. It specifically explained that "[a]t no point does Plaintiff argue that the clause that allows Defendant to alter the Terms and Conditions is within the arbitration provision itself, or that the arbitration clause is not severable from the rest of the contract, if indeed the contract is illusory." *Id.* at *6. As stated by the District Court, "as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract . . . [and] unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Id.* at *5 (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006)); *Bassett v. Elec. Arts, Inc.*, 93 F. Supp. 3d 95, 102 (E.D.N.Y. 2015) (explaining that "challenges to the contract as a whole . . . must be decided by an arbitrator.") (internal citations and quotations omitted).

Here, it is undisputed that Plaintiff's position is that the entire agreement is unenforceable because it is illusory. However, based upon the legal authority set forth above, any challenges to the contract as a whole must be decided by the arbitrator – not the Court. At bottom, the

arbitration provision is not illusory and this motion should be granted because any challenge to the agreement as a whole should be decided by the arbitrator.

      b.      <u>Plaintiff Assented to the Terms of the Membership Agreements</u>

Next, Plaintiff claims that the membership agreement is not enforceable because it lacked her agreement or assent. It is quite telling that this argument has not been supported by affidavits or declarations and is devoid of any legal authority supporting such a position. Although having ample opportunity to address and attempt to distinguish the significant body of case law advanced in the moving papers regarding the enforceability of clickwrap agreements, Plaintiff chose to remain silent on this issue. *See, e.g.*, *Davis*, 2007 U.S. Dist. LEXIS 94767, at *14.

Rather, she attempts to argue that she did not assent to the terms of the membership agreement without providing any sort of affidavit supporting this position. Indeed, Plaintiff never certified that she **<u>did not</u>** agree to the terms of the membership agreement or that she **<u>did not</u>** click on the respective toggle button before providing her payment.

The only argument advanced on this point is that the plain language of the arbitration provision is not enforceable because it does not clearly and unambiguously express the idea that plaintiff is waiving her right to sue in court. As explained in *Atalese*, "the clause, at least in some general and sufficiently broad way, must explain that the plaintiff is giving up her right to bring her claims in court or have a jury resolve the dispute." 219 N.J. at 447.

Indeed, in the instant case, the arbitration provision clearly explains that all disputes "shall be resolved **<u>exclusively</u>** by binding arbitration[.]" *See* Kirsanov Moving Decl., Ex. 4 at ¶ 18 (emphasis added). The use of the word "exclusively" in this context clearly provides the member with the understanding that binding arbitration – not a court of competent jurisdiction – is the only vehicle to resolve disputes with JetSmarter. Further, the provision explains that all

7

disputes will be resolved "by a sole arbitrator" and awards "shall be kept confidential[.]" *See id.* This, too, provides sufficient clarity to the provision and broadly explains that a jury will not be resolving this dispute – it will be resolved by a single arbitrator. Furthermore, once the member reads the phrase regarding the award being kept confidential, it is obvious that she would understand that a jury would not be resolving this dispute. Otherwise, how would the award be kept confidential? Based upon the express language contained in the arbitration provision at issue, it is easily distinguishable from *Atalese* and, contrary to Plaintiff's assertions, is an enforceable waiver of rights provision.

Further, Plaintiff's reliance on *Kernahan v. Home Warranty Adm'r of Fla., Inc.*, 2019 N.J. LEXIS 3, at *31 (Jan. 10, 2019) is misplaced. In that case, the arbitration provision was held to be unenforceable because it was contained within a section labeled "MEDIATION". Of course, this case is inapplicable to the instant matter as there is no confusion concerning the arbitration provision somehow being related to a non-binding (and nonexistent) mediation. The agreement at issue is clearly labeled "**DISPUTE RESOLUTION**" in bold and contains a clear and unambiguous provision requiring all disputes to be resolved exclusively by binding arbitration.

Based upon the foregoing, it is submitted that lack of assent is not present in this matter and the Court should enforce the arbitration provision and compel arbitration.

    c.    <u>Arbitrability Must be Decided by the Arbitrator</u>

It is quite apparent that arbitrability must be decided by the arbitrator in this instance. Plaintiff even concedes that the Supreme Court has recognized that "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Ctr., W., Inc. v. Jackson*, 561

U.S. 63, 68-69 (2010). Even so, Plaintiff takes her best shot at attacking the clear and unambiguous language contained in the operative membership agreement. Plaintiff tries to create ambiguity and confusion where none exists.

Plaintiff mistakenly takes the position that the arbitration provision is silent as to arbitrability. Indeed, she fails to acknowledge the clear and unambiguous language contained in the 2018 membership agreement which clearly states that the "validity of this clause [the arbitration clause], shall be resolved exclusively by binding arbitration[.]" *See* Kirsanov Moving Decl. at Ex. 4, § 18. Quite frankly, the express language could not possibly be clearer.

Also of significant importance, Plaintiff chose to completely ignore the persuasive authority relied upon in the moving papers. In *Caruso v. J&M Windows, Inc.*, a case not cited by Plaintiff, the court relied upon the Supreme Court's decision in *Rent-A-Ctr.* and compelled arbitration. 2018 U.S. Dist. LEXIS 163286, *7-8 (E.D. Pa. Sept. 24, 2018). In *Beture v. Samsung Elecs., Am., Inc.*, another case not even acknowledged by Plaintiff, the District Court held that the relevant agreement delegated the issue of determining the arbitrability of the plaintiff's claims to the arbitrator. 2018 U.S. Dist. LEXIS 121801, at *10 (D.N.J. July 18, 2018). Significantly, the District Court placed importance on the relevant agreement's incorporation of the AAA Arbitration Rules. *Id.* at *7.

Here, both *Caruso* and *Beture* permit a finding that arbitrability must be decided by the arbitrator as the agreement at issue requires issues of the validity of the arbitration clause and arbitrability to be decided by the arbitrator and this same provision unequivocally incorporates the AAA Arbitration Rules – another significant issue that was left unaddressed by Plaintiff. *See* Kirsanov Moving Decl. at Ex. 4, § 18. The other federal court authority clearly reserving the issue of arbitrability for the arbitrator to decide which was cited in the moving papers was also

9

left unaddressed. *See Malkin v. Funding Trust II*, 2016 U.S. Dist. LEXIS 191154, at *23 (S.D. Fla. Feb. 2, 2016) (quoting *U.S. Nutraceuticals, LLC v. Cyanotech Corp.*, 769 F.3d 1308, 1311 (11th Cir. 2014)) ("The Eleventh Circuit has stated that 'when parties incorporate the rules of the [American Arbitration] Association into their contract, they clearly and unmistakably agree[] that the arbitrator should decide whether the arbitration clause [applies].'") (internal quotations omitted). As such, based upon the clear terms of the arbitration provision, the issue of arbitrability must be decided by the arbitrator.

Moreover, Plaintiff's reliance on *Morgan v. Sanford Brown Inst.*, 225 N.J. 289 (2016) is entirely misplaced as that case did not involve an arbitration clause containing language clearly incorporating the AAA Arbitration Rules and indicating that validity of the arbitration clause shall be decided by the arbitrator.

Further, Plaintiff's contention that the arbitration provision is somehow limited and does not apply to fraud claims is flawed. First, as set forth above, this is plainly an issue for the arbitrator to decide. Second, and most notably, in an effort to avoid this arbitration provision, Plaintiff intentionally chose not to include a claim for breach of contract. Nonetheless, the plain language of this broad provision covers all of Plaintiffs' claims as it includes all claims or disputes related to the membership agreement, any of the terms and conditions of the membership, the relationship of the parties, or rights and obligations of the parties. *See* Kirsanov Moving Decl. at Ex. 4, ¶ 18. Put simply, had Plaintiff never entered into the membership agreement and paid her membership fee (which she did), she would certainly not be able to assert any claim for common law fraud or consumer fraud. *See Polaris Capital, LLC v. Gaspersz*, 2012 U.S. Dist. LEXIS 151531, at *11 (D.N.J. Oct. 1, 2012) (holding fraud claims within the scope of the arbitration clause); *Morgan v. Parra*, 2013 N.J. Super. Unpub. LEXIS

805, at *3-4, 8 (App. Div. Apr. 15, 2013) (same). Thus, her claims fall within the broad arbitration provision and, as such, this argument should be disregarded.

Finally, as set forth above, the Supreme Court of the United States has addressed this issue as recently as January 2019 in *Henry Schein*. 202 L.Ed.2d at 483. In *Henry Schein*, the Supreme Court reaffirmed that "[j]ust as a court may not decide a merits question that the parties have delegated to an arbitrator, a court may not decide an arbitrability question that the parties have delegated to an arbitrator." *Id.* at 487.

In short, the express language contained in the arbitration provision provides complete autonomy to the arbitrator and unquestionably requires the issue of arbitrability to be decided by the arbitrator. As a result, this motion should be granted and arbitration compelled.

## IV.     In the Alternative, a Stay is Appropriate

Alternatively, a stay is appropriate pending resolution of the class action arbitration. The issues raised by Plaintiff in response are unpersuasive. While Plaintiff correctly points out that the membership agreement prohibits class action arbitration, as set forth in the moving papers, JetSmarter has agreed to participate and waive this prohibition.

Additionally, Plaintiff's claim that her fraud claim is unique to her completely misses the point. There is absolutely no argument in response to the judicial economy that may be served by issuance of a stay. Further, Plaintiff does not even attempt to advance the feeble argument that she would suffer prejudice by a short stay pending resolution of the class action. Rather, she simply argues that she has no knowledge of this class action and, thus, her individual action with her individual claims should not be stayed. This argument, of course, contravenes the purpose of the proposed stay. This proposed stay is sought in an effort to conserve the resources of both the parties and the judiciary. If this case is stayed and Plaintiff is agreeable to the class resolution,

this case is over and she does not waste her time and resources and the resources of both the defendants as well as the Court would be conserved as well. If individuals opt out and decide to pursue individual actions, that is certainly their right. However, why not wait until that happens before pushing this case forward and forcing all involved to incur significant fees – especially when there is a chance that Plaintiff ultimately accepts the class award? There is simply no downside to a stay pending resolution of the class arbitration.

Additionally, Plaintiff's claim that this case should not be stayed because she has unique consumer fraud claims has already been reviewed by the District Court and rejected. *See Packer v. Power Balance, LLC*, 2011 U.S. Dist. LEXIS 29767 (D.N.J. Mar. 22, 2011) (issuing a stay and ultimately rejecting the plaintiff's argument that her claims were unique under the New Jersey Consumer Fraud Act as a basis to deny a request for a stay).

Finally, Plaintiff's contention that this proposed stay is somehow a way to get around the mandatory stay provision of the FAA is strained. Put simply, as conceded by Plaintiff, the Court has the broad discretion to manage its docket and the broad power to stay proceedings. This requested alternate relief simply delays the action in an effort to potentially eliminate the action if Plaintiff agrees to accept the class relief. Plaintiff has provided absolutely no coherent argument as to why such a stay should not be issued.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the Court dismiss this action and compel arbitration.

                                          **GORDON REES SCULLY MANSUKHANI LLP**
                                          *Attorneys for Defendants*

                                          By: */s/ Ronald A. Giller*
Dated: January 28, 2019                             Ronald A. Giller, Esq.